GARRETT and others *v.* NEW YORK TRANSIT & TERMINAL Co., Limited, and others.

*(Circuit Court, S. D. New York.* November 27, 1886.)

1. COURTS — JURISDICTION — UNITED STATES CIRCUIT COURT — COLLUSION IN JOINDER OF PARTIES.

   The statute which requires a suit to be dismissed when it appears that a party has been collusively made or joined for the purpose of creating a case cognizable by the United States circuit court is not intended to restrict those who contemplate bringing a suit, from selecting as adversaries all those against whom any substantial relief may be sought.

2. EQUITY — PLEADING — PROFERT — JUDGMENT RECORD — FORMER SUIT.

   Where the judgment record, made a profert in a plea, showed that the decree in the former suit was without prejudice to the right of the plaintiffs to bring a new action against all but one of the several defendants who joined in the plea, *held,* that the plea was bad.

3. SAME — SETTING UP IN PLEA FACTS REQUIRED TO BE IN BILL — RULE 94 IN EQUITY.

   A plea is bad which sets up matters of fact appearing on the face of the bill, and which sets up affirmatively, by way of defense, a fact which a plaintiff is required to allege in his bill by rule 94 in equity.

In Equity.

*Edward W. Sheldon,* (*William W. MacFarland,* of counsel,) for complainants.

*C. A. Seward,* for defendants.

WALLACE, J.   None of the pleas which have been set down for argument are good.   The first plea is to the jurisdiction of the court, and is an attempt to allege that three persons specified, who are made parties defendant, with others, should have been made parties plaintiff, but have been made defendants collusively, in order that the necessary diversity of citizenship between the parties may appear. The bill calls for relief against certain fraudulent acts of one Barnes and the corporation he dominates, as to which the three defendants have similar interests to the plaintiffs; but it also calls for an account to ascertain and establish the claims and liens of the plaintiffs, of the three defendants, and of Barnes, as between each other, growing out of the joint adventure which culminated in the frauds of Barnes.   These three defendants are adversary parties to the plaintiffs upon the issues to which the second and third prayers for relief in the bill are addressed.   No facts are alleged in the plea to show that these are not genuine issues; but the plea states merely legal conclusions.   The statute which requires a suit to be dismissed when it appears that a party has been collusively made or joined for the purpose of creating a case cognizable by the circuit court is not intended to restrict those who contemplate bringing a suit from selecting as adversaries all those against whom any substantial relief may be sought.

The second plea is bad because the judgment record, made a profert in the plea, shows that the decree in the former suit was without prejudice to the right of the plaintiffs to bring a new action against all but one of the several defendants who joined in the plea. Without aid from the record the plea would be bad, because it does not deny the allegations of fact contained in the bill respecting the bringing of the former suit, the matters in issue therein, and the decision and judgment rendered.

The third plea sets up matters which, if material in any aspect, should be relied on by demurrer; because the facts brought forward appear on the face of the bill, and present only an issue of law. The plea sets up affirmatively, by way of defense, a fact which a plaintiff is required to allege in his bill by the terms of the ninety-fourth rule in equity. Besides this, the ninety-fourth rule has no application to a case like that made by the bill.

The pleas are overruled, with costs to the plaintiffs.